**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------

**SUSAN RIVERA**, *individually, and on*          :
*behalf of all others similarly situated*,         :
                                                    :
                                    Plaintiff,      :
                                                    :          Civil Action No.: _____
            v.                                      :
                                                    :          **JURY TRIAL DEMANDED**
**WHITE ROSE HOME CARE**                            :
**AGENCY, LLC**                                     :
                                                    :
            and,                                    :
                                                    :
**JODYANN PRENDERGAST**                             :
                                                    :
                                    Defendants.     :

------------------------------------------------------

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Susan Rivera (hereinafter referred to as, "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, BROWN, LLC and THE SOROKIN LAW FIRM, hereby brings this Collective and Class Action Complaint against Defendant White Rose Home Care Agency, LLC ("Defendant White Rose") and Defendant Jodyann Prendergast ("Defendant Prendergast") (collectively, "Defendants"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and attendant regulations at 29 C.F.R. § 516, *et seq*.

2.      Additionally, Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendants, who work or worked in Connecticut, to recover unpaid wages, overtime wages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq*.

3.      Defendants maintained a common policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's and the CMWA's overtime provisions. *See* 29 U.S.C. § 207(a)(1); Conn. Gen. Stat. § 31-60(a).

4.      To the extent Defendants paid hourly-paid employees for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours (e.g., "straight time").

5.      Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the FLSA Collective, defined as "*all current and former hourly-paid, non-exempt healthcare workers who worked for Defendants at any time within the three (3) years preceding the commencement of this action and the date of judgment* ("FLSA Collective"). *See* 29 U.S.C. §§ 207(a)(1); 216(b).

6.      Additionally, Plaintiff seeks unpaid wages, overtime wages, and liquidated damages pursuant to the CMWA on behalf of herself and the Rule 23 Connecticut Class, defined as "*all current and former hourly-paid, non-exempt healthcare workers who worked for Defendants in Connecticut at any time within the two (2) years preceding the commencement of this action and the date of judgment* ("Rule 23 Connecticut Class").

7.      Plaintiff seeks judgment against Defendants for actual, liquidated damages, and punitive damages on behalf of herself and all others similarly situated, plus costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

9.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

10.      This Court may properly maintain personal jurisdiction over Defendants because Defendants reside in this state and because Plaintiff's claims arise from Defendants' contacts with this state.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

12.      Plaintiff Susan Rivera is an adult resident of Fairfield County, Connecticut.

13.      Defendants employ Plaintiff in the position of hourly-paid, non-exempt healthcare worker.

14.      Plaintiff has been employed by Defendants from approximately Summer 2019 through the present.

15.      Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

16.     Defendant White Rose is a home health agency that provides in-home medical services throughout Connecticut. Defendants are a "private employer" and covered by the FLSA.

17.     At all relevant times, Defendants were an employer of Plaintiff and other putative FLSA Collective and Rule 23 Connecticut Class members.

18.     Defendant White Rose maintains a headquarters and principal business office located at 501 Kings Highway E., 107, Fairfield, CT 06825.

19.     Defendant Prendergast is the owner and president of Defendant White Rose.

20.     Defendant Prendergast is a citizen of the United States and maintains a principal office location at 501 Kings Highway E., 107, Fairfield, CT 06825.

21.     Defendant Prendergast has directed employment practices of Defendant White Rose.

22.     Defendant Prendergast has directly or indirectly acted in the interest of Defendant White Rose in relation to its employees at all times relevant herein.

23.     Defendant Prendergast has directly or indirectly acted in the hiring and firing employees.

24.     Defendant Prendergast has directly or indirectly in relation to setting employees' conditions of employment.

25.     Defendant Prendergast has directly or indirectly acted in relation to setting employees' schedules.

26.     Defendant Prendergast has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

27.     Defendant Prendergast has directly or indirectly acted in relation to distributing payroll.

4

28.     Defendant Prendergast has directly or indirectly acted in supervising employees day-to-day.

## FACTUAL ALLEGATIONS

29.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

30.     At all relevant times, Defendants were an enterprise engaged in interstate commerce.

31.     At all relevant times, Defendants' annual gross revenue exceeded $500,000.

32.     At all relevant times, Defendants employed individuals who directly engaged in interstate commerce or have worked with products that have moved in interstate commerce.

33.     By way of example, hourly-paid, non-exempt healthcare workers handle goods, materials, and medications that had traveled in and are produced for interstate commerce.

34.     Additionally, hourly-paid, non-exempt healthcare workers travel on interstate highways to/from client homes, as well as take clients shopping, pick up prescriptions, and attend medical appointments via interstate highways.

35.     Further, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

36.     Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

37.     Defendants provide their clients in-home healthcare services by sending hourly-paid, non-exempt healthcare workers to clients' homes to provide life-services including, *inter*

*alia*, changing clients, bathing clients, cooking and feeding clients, managing client prescriptions, and taking clients' shopping.

38.     At all times material hereto, employees providing the above-referenced in-home healthcare services were hourly-paid employees of Defendants.

39.     Defendants' hourly-paid, non-exempt healthcare workers routinely worked over forty (40) hours per week.

40.     Defendants maintained a common policy of failing to pay hourly-paid, non-exempt healthcare workers at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

41.     To the extent Defendants paid hourly-paid employees for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours (e.g., "straight time").

42.     Thus, Defendants paid its employees straight time for overtime.

43.     At all times material hereto, Plaintiff was compensated on an hourly basis.

44.     Plaintiff routinely worked over forty (40) hours per week.

45.     Plaintiff routinely worked approximately fifty-two (52) hours per week.

46.     However, Plaintiff did not receive overtime compensation for the hours worked in excess of forty (40) per week.

47.     Rather, to the extent Defendants paid Plaintiff for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay she received for non-overtime hours.

48.     From approximately Summer 2019 to the present, Plaintiff was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

49.     By way of example, for the pay period of January 15, 2023 to January 21, 2023, Plaintiff worked 51.37 hours, bud did not receive any premium for overtime compensation for the approximately 11.37 hours of overtime she worked that workweek. *See* **Exhibit 2**.

50.     Accordingly, Defendants' hourly-paid, non-exempt healthcare workers were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, but did not.

51.     Defendants knew and/or recklessly disregarded that their hourly-paid employees were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and that they were not receiving such compensation.

**FLSA COLLECTIVE ALLEGATIONS**

52.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former hourly-paid employees of Defendants.

54.     Plaintiff asserts claims for the foregoing FLSA violations not only individually, but also on behalf of a putative FLSA Collective defined as:

*Any individual who worked for Defendants as an hourly-paid, non-exempt healthcare worker at any time within the three (3) years preceding the filling of this action and the date of judgment ("FLSA Collective").*

55.    Plaintiff reserves the right to amend the defined putative FLSA Collective.

56.    Plaintiff contends that she and the FLSA Collective members were denied compensation and overtime compensation due to Defendants' policy and practice of failing to pay hourly-paid, non-exempt healthcare workers at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek.

57.    Plaintiff estimates that there are in excess of two hundred (200) putative FLSA Collective members[1] or persons in positions with substantially similar job duties who are either working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. FLSA Collective members may be informed of the pendency of this Collective Action by direct mail, e-mail, text message, and/or publication.

58.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective members are similarly situated. Plaintiff and the FLSA Collective members were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' policy of failing to pay hourly-paid, non-exempt healthcare workers at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, and the same or similar job classifications and job duties, and were subject to the same uniform policies and practices.

---

[1] According to PPP Loan Data, Defendant White Rose's retained 226 jobs by receiving Coronavirus-related Paycheck Protection Loan. *See* **Exhibit 3**.

59. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendants, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(h), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

60. As a result of Defendants' common policies and practices, Defendants failed to pay members of the putative FLSA Collective, including Plaintiff, the federally mandated overtime rate of 1.5 times their regular rate for all hours worked over forty (40) in a workweek.

## RULE 23 CLASS ACTION ALLEGATIONS

61. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

62. Plaintiff brings this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid, non-exempt healthcare workers who worked for Defendants in Connecticut at any time within the two (2) years preceding the commencement of this action and the date of judgment* ("Rule 23 Connecticut Class").

63. The members of the Rule 23 Connecticut Class are so numerous that joinder of all members is impractical. The Rule 23 Connecticut Class members may be informed of the pendency of this action by direct mail, e-mail, text message, and publication.

64. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Connecticut Class, including, but not limited to:

A. Whether Rule 23 Connecticut Class members work over forty (40) hours per workweek;

B.      Whether Rule 23 Connecticut Class members were denied any premium overtime compensation for hours worked in excess of forty (40) in a workweek due to Defendants policies and practices; and

C.      Whether Rule 23 Connecticut Class members are owed overtime compensation for hours worked in excess of forty (40) in a workweek and, if so, the appropriate amount thereof.

65.      Plaintiff's claims are typical of the claims of the Rule 23 Connecticut Class members. Plaintiff is a current employee of Defendants and is employed as an hourly-paid, non-exempt healthcare worker who has suffered similar injuries as those suffered by the Ruel 23 Connecticut Class members as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the CMWA has impacted the Rule 23 Connecticut Class in the exact same way.

66.      Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Connecticut Class. Plaintiff is similarly situated to the Rule 23 Connecticut Class and has no conflict with the Rule 23 Connecticut Class members.

67.      Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

68.      Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Rule 23 Connecticut Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Connecticut Class that would establish incompatible standards of conduct for Defendants;

10

B.      Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the CMWA, has acted or refused to act on grounds generally applicable to the Rule 23 Connecticut Class, thereby making equitable relief appropriate with respect to the Rule 23 Connecticut Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Rule 23 Connecticut Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

69.      A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Connecticut Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense if these claims were to be brought individually.

70.      Additionally, the damages suffered by each Rule 23 Connecticut Class member may be relatively small, the expense and burden of individual litigation would make it difficult for the Rule 23 Connecticut Class members to bring individual claims. The presentation of separate action by individual Rule 23 Connecticut Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Rule 23 Connecticut Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 207(a)(1)**
**FAILURE TO PAY OVERTIME**

71.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

72.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

73.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

74.     In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

75.     Plaintiff and the FLSA Collective members did not receive any form of premium overtime compensation for hours worked in excess of forty (40) in a workweek.

76.     For example, Plaintiff worked over forty (40) hours in a workweek during the pay period of January 15, 2023 to January 21, 2023, and was not paid overtime compensation.

77.     In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, Defendants failed to compensate them at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

78.     Defendants knew or acted with reckless disregard as to whether putative FLSA Collective members' were entitled to overtime compensation for hours worked in excess of forty (40) in a workweek, and Defendants were on notice of the FLSA's requirements at all relevant times.

79.     Accordingly, Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

**COUNT II**
**CONNECTICUT MINIMUM WAGE ACT**
**Conn. Gen. Stat. § 31-58,** *et seq.*
**FAILURE TO PAY WAGES INCLUDING OVERTIME**

80.    The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

81.    Conn. Gen. Stat. § 31-71b(a)(1) provides, in pertinent part, that each employer shall pay weekly all monies due each employee on a regular pay day, designated in advance by the employer.

82.    Conn. Gen. Stat. § 31-60 provides, in pertinent part, that "[a]ny employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part."

83.    Plaintiff and the Rule 23 Connecticut Class members regularly worked more than forty (40) hours per workweek.

84.    Plaintiff the Rule 23 Connecticut Class members did not receive any form of premium overtime compensation for hours worked in excess of forty (40) in a workweek.

85.    Defendants conduct and practices, described herein, have been willful, intentional, unreasonable, arbitrary, and in bad faith.

86.    As a result of Defendants' unlawful policies and practices described above, Plaintiff and the Rule 23 Connecticut Class members have been illegally deprived of wages earned including overtime, in such amounts to be determined at trial, and is entitled to recover of double damages for such total unpaid amounts, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to section 316. Conn. Gen. Stat. §§ 31-72, 31-76(b), and 321.

**RELIEF REQUESTED**

13

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective members and Rule 23 Connecticut Class members, respectfully requests that this Court grant the following relief against Defendants:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

B.      Certifying this case as a class action (for the Rule 23 Connecticut Class) pursuant to Rule 23(b)(2) and (b)(3) (Count II);

C.      Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Connecticut Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including publishing of notice in a manner that is reasonably calculated to apprise the collective and class members of their rights by law to join and participate in this lawsuit;

D.      Designating Plaintiff as the representative of the FLSA Collective and Rule 23 Connecticut Class and undersigned counsel as Class and Collective counsel for the same;

E.      Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F.      Finding that Defendants violated the CMWA as alleged herein and that said violations were intentional, willful, oppressive, fraudulent and malicious;

G.      Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective members the full amount of compensatory damages and liquidated damages available by law;

14

H.      Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the Rule 23 Connecticut Class members the full amount of compensatory damages and liquidated damages available by law;

I.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

J.      Granting an incentive award for the Lead Plaintiff as serving as representative of the FLSA Collective and Rule 23 Connecticut Class in this action;

K.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

L.      Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Susan Rivera, individually and on behalf of all other FLSA Collective member and Rule 23 Connecticut Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: July 19, 2023

**THE SOROKIN LAW FIRM**
**(Local Attorneys)**

*/s/ Matthew C. Sorokin*
Matthew C. Sorokin (CT Bar No. 425795)
mat@sorokinlaw.com
9 Lewis Street
Hartford, CT 06103
TEL: (860) 776-6017

**BROWN, LLC**
**(Lead Attorneys)**

Edmund C. Celiesius (will seek *pro hac vice*)

15

Nicholas Conlon (will seek *pro hac vice*)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com